IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MICHAEL SEYS (TDCJ No. 383647), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2883-M-BN |
| JULIE DOUCET, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned enters the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Steve Michael Seys is a Texas prison inmate who in 1984 was convicted of murdering his wife and was sentenced to 99 years' imprisonment. Proceeding *in forma pauperis*, *see* Dkt. No. 5, Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983 against his former court-appointed counsel, Julie Doucet; Dallas County District Clerk Gary Fitzsimmons; and Dallas County District Judge Earnest White [Dkt. No. 3], in which he alleges, in sum, that the named defendants denied him access to the court, due process of law, and equal protection under the law in connection with a request that Seys made for assistance of counsel to file a motion for DNA testing.

This complaint is substantially the same as the complaint Seys filed against the

same defendants in 2013 in this Court in Case No. 3:13-cv-2617-G-BF. The Court summarily dismissed that complaint pursuant to 42 U.S.C. § 1915(e)(2)(B). *See Seys v. Doucet*, Civil Action No. 3:13-cv-2617-G-BF, 2013 WL 4035221 (N.D. Tex. Aug. 8, 2013). And United States Court of Appeals for the Fifth Circuit granted Seys leave to proceed *in forma pauperis* and then affirmed this Court's dismissal of his complaint. *See Seys v. Doucet*, 566 F. App'x 316 (5th Cir. May 1, 2014) (per curiam).

## Legal Standards

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

Where the claims presented in a case "are duplicative of claims already asserted and dismissed in [a] previous case," such claims "must be dismissed as malicious under 28 U.S.C. § 1915A(b)(1)" or, alternatively, because they "are also barred by the doctrine of *res judicata*, ... for failure to state a claim under § 1915A(b)(1)." *Yarborough v. Sheriff, Tarrant Cnty., Tex.*, Civil Action No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action

arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." (citations and internal quotation marks omitted)); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) and citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

## Analysis

Through his current complaint, Seys is attempting to relitigate claims that this Court has already determined to be without merit.

The defendants named in the current action are identical to the defendants that Seys named in his prior action. *Compare* Dkt. No. 3 at 1-2, *with* No. 3:13-cv-2617-G-BF, Dkt. No. 3 at 3. The claims raised in the current action are virtually identical to the claims that Seys raised in his prior action. *Compare* Dkt. No. 3 at 2, *with* No. 3:13-cv-2617-G-BF, Dkt. No. 3 at 3-4. Although the judgment that this Court entered in the prior action was not a final determination on the merits, that is not an impediment to dismissal of the current action as malicious because it is duplicative. *See Brown*, 2002

WL 31757616, at *4 ("Plaintiff argues, without citation to any authority, that a case may not be dismissed as duplicative when the Court has made no final determination on the merits in the earlier case. *In Bailey*, 846 F.2d at 1021, – as in this case – the original case was not decided on the merits; rather it was dismissed at its nascent stage. Plaintiff's objections are meritless."); *see also Thornton v. Merchant*, 526 F. App'x 385, 387 (5th Cir. May 13, 2013) (per curiam) (affirming dismissal of prisoner's complaint as duplicative and malicious where same claims were raised in a previous § 1983 action summarily dismissed by the district court, the appeal of which was dismissed frivolous); *cf. Bailey*, 846 F.2d at 1019 ("[T]he court's power of dismissal in IFP cases under section 1915(d) is broader than in other civil cases under the Federal Rules of Civil Procedure." (citation omitted)).

## Recommendation

Plaintiff's duplicative complaint should be summarily dismissed as malicious under 28 U.S.C. § 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE